# THE COURT OF COMMON PLEAS

FRANKLIN COUNTY, OHIO – JUVENILE DIVISION
Case No.: 24JU01166

Carl Fischer,
Plaintiff,

v.

Katelyn Martin,
Defendant.



---

# SUPPLEMENTAL MOTION TO DISQUALIFY MAGISTRATE REEDUS

### AND OBJECTION TO HER CONTINUED INVOLVEMENT PENDING JUDICIAL REVIEW

Now comes Defendant **Katelyn Martin**, appearing *pro se*, and respectfully submits this **Supplemental Motion in Support of Disqualification of Magistrate Benita Reedus**, pursuant to:

- **R.C. § 2701.031**,
- **Sup.R. 4.01–4.05**,
- **Canon 2.11 of the Ohio Code of Judicial Conduct**,
- And **14th Amendment Due Process protections.**

This Motion supplements the previously filed Motion to Disqualify, set for hearing on **August 11, 2025**, and is based on **subsequent actions** taken by Magistrate Reedus which further demonstrate procedural impropriety, conflicts of interest, and conduct inconsistent with impartial judicial administration.

---

## I. PROCEDURAL POSTURE

On or about **June 25, 2025**, Defendant timely filed a **Motion to Disqualify Magistrate Reedus**, setting forth detailed allegations of:

- **Ex parte custody proceedings** conducted without proper notice or service;
- **Appointment of a Guardian ad Litem without motion, intake, or lawful order served on Defendant**;

- Continued coordination via email rather than through proper court docket procedures;
- And **multiple procedural failures impairing Defendant's due process rights** as a *pro se* litigant.

The Court scheduled a hearing on the Motion to Disqualify for **August 11, 2025 at 10:45 AM** before the assigned judge, as required under **R.C. § 2701.031**.

## II. SUBSEQUENT EVENTS WARRANTING SUPPLEMENTAL DISQUALIFICATION

Since the filing of the disqualification motion, additional conduct by Magistrate Reedus has further compromised the integrity of the proceedings:

### A. Email-Based Hearing Coordination While Disqualification Is Pending

On **July 1-3, 2025**, court officer **Hannah McNamara**, on behalf of Magistrate Reedus, initiated an email exchange scheduling a **July 9, 2025 hearing** to address "pending motions" and "procedural concerns."

This hearing:

- Was **not formally noticed through the docket**;
- Was initiated **after Defendant's disqualification motion was filed and accepted**;
- Concerns **matters directly raised in the disqualification itself**, including Defendant's Motions to Vacate, Strike, and Sanction — all of which name Magistrate Reedus's conduct as a basis for relief.

This violates the presumption of neutrality and constitutes a conflict of interest. A judicial officer under active disqualification review **must refrain from exercising authority over contested matters** until the motion is ruled upon.

### B. Improper Participation in Contested Matters Involving Her Own Conduct

Despite being the subject of the disqualification motion, Magistrate Reedus — through her court officer — has:

- Scheduled hearings involving motions **that allege misconduct by the magistrate**;
- Continued issuing directives and case scheduling without awaiting the outcome of the judicial review;
- Maintained involvement in procedural matters that would inherently be prejudiced by her continued authority over this case.

This violates **Canon 2.11(A)** of the **Ohio Code of Judicial Conduct**, which mandates disqualification where the magistrate's **impartiality might reasonably be questioned**.

---

## III. LEGAL GROUNDS FOR IMMEDIATE DISQUALIFICATION

### A. R.C. § 2701.031

This statute allows any party to file a motion for disqualification where there is a showing of **bias, prejudice, conflict of interest, or any conduct inconsistent with fair judicial process**. Once such motion is filed, **no further action should be taken by the magistrate on contested matters** until the motion is decided by the judge.

### B. Sup.R. 4.01–4.05



The Ohio Rules of Superintendence for the Courts require:

- Strict compliance with **neutral adjudication standards**;
- That judicial officers **not preside over matters in which their own conduct is under review**;
- And that courts avoid even the **appearance of impropriety** while disqualification is pending.

### C. Canon 2.11 – Ohio Judicial Code of Conduct

"A judge shall disqualify themselves in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where... the judge has personal knowledge of disputed facts... or where the judge is likely to be a material witness."

Here, Magistrate Reedus is directly implicated in:

- The **appointment and activity of the GAL without legal authority**;
- **Improper scheduling practices** outside of court filing procedures;
- And **material violations of Juv.R. 16 and Civ.R. 5**, which deprived Defendant of notice, participation, and the right to respond.

### D. 14th Amendment – Due Process Clause

The Constitution guarantees litigants the right to:

- Advance **notice of hearings**,
- A **fair and impartial tribunal**, and
- A meaningful opportunity to **respond to motions before judgment**.

Proceeding with a hearing about contested motions while the disqualification is unresolved constitutes a **clear violation of due process**.

## IV. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. **Accept this Supplemental Motion** as part of the pending August 11, 2025 hearing on the Motion to Disqualify;
2. Issue an immediate **stay or pause on all hearings scheduled by Magistrate Reedus**, including the July 9, 2025 procedural hearing;
3. Direct that **no further hearings or decisions** in this matter be made by Magistrate Reedus until the Motion to Disqualify has been reviewed and ruled upon by the assigned judge;
4. Remind all court officers and parties that **coordination of contested matters by a magistrate under disqualification review** undermines the integrity of the judicial process and will not be permitted.



## V. CERTIFICATION

This Motion is made in good faith, supported by the record, and submitted with the intent of protecting Defendant's right to a neutral adjudicator, lawful notice, and procedural fairness.

**Respectfully submitted,**
Katelyn Martin
547 Lilley Avenue
Columbus, OH 43205
(614) 582-9265
katelyn.martin911@gmail.com
**Pro Se Defendant**